**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:  PINECREST NATIONAL FUNDING, LLC, | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10339 |
| IN RE:  15620 46TH LANE SOUTH, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10341 |
| IN RE: 273-313 BIRMINGHAM STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10342 |
| IN RE: 747-749 N. 63RD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10343 |
| IN RE:  39 AND 43 GARFIELD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10344 |

**MOTION OF THE DEBTORS IN POSSESSION**
**FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned Debtors File this motion (the "Motion") for entry of an Order, substantially in the form attached hereto as Exhibit "A", directing joint administration of their related Chapter 11 cases. In support of the Motion, the Debtors rely on the Affidavit of Kenneth Irving, Managing Member of the Debtors, (attached hereto as Exhibit "B", hereafter, "Affidavit") and respectfully state as follows:

**JURISDICTION**

The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

**Introduction**

1. On February 2, 2010 (the "Petition Date"), each of the Debtors filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. The Debtors continue to operate their business and manage their properties as Debtors in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

3. Pinecrest National Funding, LLC ("Pinecrest") was formed in 2005 as a private equity real estate firm. Its principal offices are in New York, New York.

4. Each of the other debtors listed above is a single-asset real estate Delaware Limited Liability Company, which is a subsidiary of Pinecrest, and which was formed to take possession of a piece of real estate obtained by Pinecrest through foreclosure on properties which were formerly securing notes receivable issued by Pinecrest through its lending operations.

**The Debtors' Debt Structure**

5. To fund its lending operations, Pinecrest obtained a credit facility from Wells Fargo Foothill, Inc. (now, Wells Fargo Capital Finance, and hereafter referred to as "Wells Fargo") of a revolving line of credit in a maximum principal amount of $10 Million (the "Credit Facility"). The Credit Facility is evidenced by that certain Amended and Restated Loan and

Security Agreement, dated as of May 23, 2007, by and among the Debtors, as borrowers, and Wells Fargo, as lender, as amended by that certain First Amendment to Amended and Restated Loan and Security Agreement, dated as of March 11, 2009, and as modified by certain Joinder Agreements.

6. Amounts outstanding under the Credit Facility are secured by (i) mortgages, (ii) UCC financing statements and security agreements, and (ii) the limited personal guarantee of Kenneth Irving, a Member of Pinecrest.  As of the Petition Date, an aggregate amount of approximately $8 million was outstanding under the Credit Facility.

7. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Pinecrest National Funding, LLC and that these Chapter 11 cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:  PINECREST NATIONAL FUNDING, LLC, et al | : CHAPTER 11 |
| DEBTORS | : JOINTLY ADMINSTERED |
| | : BANKRUPTCY NO. 10-10339 |

8. The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than Pinecrest National Funding, LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the Chapter 11 cases of Pinecrest National Funding, LLC, 39 and 43 Garfield Street, LLC, 747-749 N.

63rd Street ,LLC, 15620 46th Lane South, LLC, 273-313 Birmingham Street, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-10339.

## BASIS FOR RELIEF

9. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in pertinent part, that "(i)f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. In addition, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title II is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.   Del. Bankr. L.R. 1015-1.

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings

and objections. Joint administration will also allow the Court, the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease.

12.     Additionally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective constituencies because this Motion requests only joint administration, not substantive consolidation, of the Debtors' cases. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.

13.     The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district. *See, e.g., In re Dan River* Case No. 08-10726 (BLS) (Bankr. D. Del. Apr. 22, 2008); *In re Powermate* Case No. 08¬10498 (KG) (Bankr. D. Del. Mar. 18, 2008); *In re Leiner Health Product*s Case No. 08¬10446 (KJC) (Bankr. D. Del. Mar. 12, 2008).

14.     As set forth above and in the Affidavit, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

## **NOTICE**

15.     The Debtors shall provide notice of this Motion by facsimile and/or overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the Debtors' Twenty (20) largest unsecured creditors; and (iii) counsel to counsel to the agent for the Debtors' pre-petition secured lenders.  As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Del. Bankr. L.R. 9013¬I(m). Due to the urgency of the circumstances surrounding this Motion and the nature of

the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Affidavit, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit (a) authorizing the joint administration of these chapter 11 cases and (b) granting such other and further relief as is just and proper.

|  |  |
|---|---|
| Date: | /s/ John F. Thomas, Jr.    (DE ID#3324)<br>JOHN F. THOMAS, JR., ESQUIRE<br>64 Read's Way<br>New Castle, DE  19720<br>(302) 221-3278  jftjr@mac.com |

Proposed Attorneys for the Debtors and Debtors-in-Possession

**Of Counsel**
Allen B. Dubroff, Esq. (Admission *pro hac vice* pending)
Allen B. Dubroff, Esq. & Associates, LLC
101 Greenwood Avenue
Jenkintown, PA 19046
(215) 690-3821
abdubroff@aol.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: PINECREST NATIONAL FUNDING, LLC, | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10339 |
| IN RE: 15620 46TH LANE SOUTH, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10341 |
| IN RE: 273-313 BIRMINGHAM STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10342 |
| IN RE: 747-749 N. 63RD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10343 |
| IN RE: 39 AND 43 GARFIELD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10344 |

## AFFIDAVIT OF KENNETH IRVING IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

STATE OF NEW YORK        :
                         : S.S.
COUNTY OF _____    :

I, Kenneth Irving, do hereby depose and say as follows:

1. I am a Member of Pinecrest National Funding, LLC ("Pinecrest"), as well as the Manager of 15620 46th Lane South, LLC; 237-313 Birmingham Street, LLC, 747-749 N. 63rd Street, LLC, and 39 and 43 Garfield Street, LLC, each of which is a subsidiary company of Pinecrest.

2.  I make this Affidavit upon my own knowledge, in support of the Motion of the Debtors in Possession for Entry of an Order Directing Joint Administration of their related Chapter 11 cases.

3.  The five (5) Debtors in these cases are affiliated entities. The Debtors request that, in light of the fact that Pinecrest National Funding, LLC and its four (4) subsidiaries, have each filed petitions in this Court, the Court can and should jointly administer the Chapter 11 cases. Jointly administering these Chapter 11 cases: (a) will ease the administrative burden on the Court and the parties; (b) will protect creditors of different estates; and (c) will simplify the United States Trustee's supervision of the administrative aspects of the Chapter 11 cases.

4.  Accordingly, I believe that the joint administration of the Debtors' estates is appropriate under the circumstances.

*[signature]*
Kenneth Irving

SWORN TO AND SUBSCRIBED BEFORE ME this 9th day of February, 2010

*[signature]*
Notary Public

CLARA E. JORGE
Notary Public, State of New York
No. 01JO6208112
Qualified in Queens County
Commission Expires June 22, 2013

EXHIBIT A
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:   PINECREST NATIONAL FUNDING, LLC, | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10339 |
| IN RE:   15620 46TH LANE SOUTH, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10341 |
| IN RE: 273-313 BIRMINGHAM STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10342 |
| IN RE: 747-749 N. 63RD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10343 |
| IN RE:   39 AND 43 GARFIELD STREET, LLC | : CHAPTER 11 |
| DEBTOR | : |
| | : BANKRUPTCY NO. 10-10344 |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES

Upon the motion (the "Motion") of the above-captioned debtors and debtors possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' related chapter 11 cases; and upon the Affidavit of Keneth Irving, Managing Member of the Debtors, in support thereto; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b )(2)(A), (iii) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided, and (iv) capitalized terms not otherwise defined herein have the meaning given to them in the Motion; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor it is hereby

ORDERED, that the Motion is GRANTED; and it is further ORDERED, that the above-captioned Chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 10-10339; and it is further

ORDERED, that the consolidated caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:  PINECREST NATIONAL FUNDING, LLC, et al | : CHAPTER 11 : |
| DEBTORS | : JOINTLY ADMINSTERED : BANKRUPTCY NO. 10-10339 |

**The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors.**

Pinecrest National Funding, LLC, Tax ID #XX-XXX7279;
39 and 43 Garfield Street, LLC, Tax ID#XX-XXX1402;
747-749 N. 63rd Street , LLC, Tax ID#XX-XXX8507
15620 46th Lane South, LLC, Tax ID# XX-XXX3953; and
273-313 Birmingham Street , LLC, Tax ID#XX-XXX1408

ORDERED, that an entry shall be made on the docket of each of the Debtors' cases, other than that of Pinecrest National Funding, LLC, that is substantially similar to the following: An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the

Chapter 11 cases of Pinecrest National Funding, LLC, 39 and 43 Garfield Street, LLC, 747-749 N. 63rd Street , LLC, 15620 46th Lane South, LLC, 273-313 Birmingham Street , LLC.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-10339; and it is further

ORDERED, that one consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Delaware; and it is further

ORDERED, that nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Debtors' chapter 11 cases; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____   _____
                                        Peter J. Walsh, U.S.B.J