## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 9641** |

### DEBTORS' OBJECTION TO MOTION TO DISQUALIFY WHITE & CASE LLP AND DEREK ABBOTT OF MORRIS NICHOLS, AND RELATED ASSOCIATES, FOR THE BOY SCOUTS OF AMERICA.  PRO-SE CLAIMANT/CREDITOR NUMBERS SA-101730 & SA-47539 MOTION TO DISMISS THE CHAPTER 11 BANKRUPTCY

Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, hereby object to the *Motion to Disqualify White & Case LLP and Derek Abbott of Morris Nichols, and Related Associates, for the Boy Scouts of America. Pro-Se Claimant/Creditor Numbers SA-101730 & SA-47539 Motion to Dismiss the Chapter 11 Bankruptcy* [D.I. 9641] (the "Motion to Disqualify") filed by Mr. Cutler and respectfully state as follows:

1.      Mr. Cutler has filed numerous pleadings in these cases making baseless factual and legal assertions.  The Motion to Disqualify is no different.  Although titled as a motion, the Motion to Disqualify consists of a cover page followed by over 200 pages of purported exhibits with a prayer for relief that does not address disqualification and is duplicative to the relief requested in Mr. Cutler's *Pro Se-Claimant Numbers SA-101730 & SA-47539's Motion to*

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*Dismiss the Chapter 11 Bankruptcy Petition, or Motion for the Appointment of a Chapter 11 Trustee* [D.I. 9535] (the "Motion to Dismiss").[2]  The alleged exhibits are a hodgepodge of press clippings, pictures, pleadings and other documents, some of which are annotated with Mr. Cutler's unsubstantiated beliefs.  Moreover, Mr. Cutler provides no explanation for what the exhibits purport to evidence.  There is no basis to disqualify White & Case LLP and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") and the Motion to Disqualify should be denied.

2.      As an initial matter, the motion fails to meet the procedural requirements under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  Bankruptcy Rule 9013 requires that a motion "state with particularity the grounds therefor, and shall set forth the relief or order sought."  Fed. R. Bankr. P. 9013.  Local Rule 9013-1 details the form of motions filed and requires all motions to "have attached thereto a notice conforming to Local Rule 9013-1(e), a proposed form of order specifying the exact relief to be granted, and a certificate of service showing the date of service, means of service and the names and addresses of the parties served."  Del. Bankr. L.R. 9013-1(f).  The Motion to Disqualify does not include any relevant request for relief (and thus lacks any particularized grounds for relief), a notice conforming to the Local Rules, a proposed order or a certificate of service.  Although Mr. Cutler is afforded leniency as a pro se claimant, it remains his burden to abide by applicable rules, not the Debtors' burden to piece together his argument from hundreds of pages of disjointed documents.[3]

---

[2]      To the extent that the Motion to Disqualify constitutes Mr. Cutler's facts in support of his Motion to Dismiss, the documents attached to the Motion to Disqualify are irrelevant to the relief requested in the Motion to Dismiss.  The Debtors have separately objected to the Motion to Dismiss.  *See* D.I. 9793.

[3]      *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mala v. Crown Bar Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[T]here are limits to our procedural flexibility.  For example, pro se litigants still must allege sufficient facts in their complaints to support a claim. . .

(continued . . .)

3.    Even setting aside these threshold issues with the Motion to Disqualify, the motion fails to include any evidence, legal authority or argument to support disqualification of White & Case and Morris Nichols as Debtors' counsel.  Both White & Case and Morris Nichols have worked diligently to represent the interests of the Debtors and their estates throughout these chapter 11 cases, and the record strongly supports denial of any request to disqualify either firm.  In accordance with Bankruptcy Rule 2014, the Debtors filed their applications to retain White & Case, as lead bankruptcy counsel, and Morris Nichols, as bankruptcy co-counsel, on October 22, 2020 [D.I. 1571] and March 17, 2020 [D.I. 205], respectively.  As stated in their applications, White & Case and Morris Nichols conducted extensive searches of potential parties in interest in these chapter 11 cases to determine whether their respective firms had any conflicts or other relationships that might cause them not to be disinterested or to hold or represent an interest adverse to the Debtors' estates.  White & Case and Morris Nichols determined they had no conflicts that would prevent their retention by the Debtors under section 327 of the Bankruptcy Code and both firms publicly disclosed the names of individuals, entities or their affiliates who they currently represent or recently represented in matters unrelated to these chapter 11 cases.  *See Declaration of Jessica C. K. Boelter in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of White & Case LLP as Attorneys to the Debtors and Debtors in Possession Effective as of September 23, 2020* [D.I. 1571, Exh. B]; *Declaration of Derek C. Abbott in Support of the Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 328(a), and 1107(b), Fed. B. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and*

---

(. . . continued)

. . At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."); *see also In re Washington Mutual, Inc.*, 575 B.R. 609, 614 (Bankr. D. Del. 2017) (granting a motion to dismiss because the pro se plaintiff failed to effectuate proper service and noting that "there are limits to the leeway that can be afforded to pro se parties").  Mr. Cutler's failure to follow procedural rules warrants denial of the Motion to Disqualify.

*Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 205, Exh. B].

4.      The Court approved the retention of White & Case[4] and Morris Nichols on November 18, 2020 [D.I. 1698] and April 6, 2020 [D.I. 339].[5]  White & Case and Morris Nichols have continued to diligently research their relationships with the Debtors, the Debtors' creditors and other parties in interest in these chapter 11 cases and have supplemented their disclosures when appropriate in accordance with the applicable Bankruptcy Rules and Local Rules.  It is clear that there is nothing in the Motion to Disqualify that contradicts the disclosures provided by White & Case and Morris Nichols in connection with their retention—let alone any evidence that supports Mr. Cutler's extreme request to disqualify the firms.[6]

5.      Moreover, although it is not the Debtors' responsibility to decipher the assortment of materials Mr. Cutler submitted, the Motion to Disqualify repeatedly references alleged conflicts regarding the retention of Sidley Austin LLP.  This issue was previously raised by Century and decided by the Court. The Court held an evidentiary hearing on May 4, 2020, followed by oral argument on May 6, 2020.  In a separate bench ruling, the Court found that Sidley Austin LLP did not hold or represent an interest adverse to the estates nor was it disinterested and thus could be retained under section 327 of the Bankruptcy Code.  *See Bench Ruling Delivered May 29, 2020 on Debtors' Application to Retain Sidley Austin LLP as Attorneys for the Debtors and Debtors in*

---

[4]    In approving White & Case's retention, the Court overruled an objection from Century Indemnity Company raising alleged conflict issues.  *See* Hr'g Tr. Nov. 18, 2020 at 56:10–60:12.

[5]    The Court previously approved Sidley Austin LLP's retention as the Debtors' lead bankruptcy counsel. However, as of September 23, 2020, the core members of the legal team at Sidley Austin LLP began transitioning their practices to White & Case, which led the Debtors to seek White & Case's retention.

[6]    In addition, any references to the conflicts dispute raised in *In re Maxus Energy Corp.* are wholly irrelevant to these cases and, even in *Maxus Energy*, the bankruptcy court found in favor of White & Case and denied the motion to disqualify.  *Maxus Liquidating Tr. v. YPF S.A. (In re Maxus Energy Corp.)*, No. 18-50489 (CSS) (Bankr. D. Del. Apr. 6, 2021) (opinion denying YPF defendants' motion to disqualify White & Case as plaintiff's lead law firm), appeal pending, No. 21-2496 (3d Cir.).

*Possession* [D.I. 755].  The District Court for the District of Delaware and the Third Circuit have both affirmed the Bankruptcy Court's decision.  *Century Indemnity Company v. Boy Scouts of America*, 2021 WL 1174573 (D. Del. Mar. 29, 2021); *In re Boy Scouts of America*, 2022 WL 1634643 (3d Cir. May 24, 2022).  Again, the Motion to Disqualify offers no evidence to support disqualification based on a prior conflicts dispute over Sidley Austin's retention that has already been appealed to, and rejected by, the Third Circuit.

6.      For the foregoing reasons, the Debtors respectfully request the Court deny the Motion to Disqualify solely on the pleadings and grant any such further relief as the Court deems just and proper.[7]

---

[7]     The Debtors believe that additional hearings or briefing on this issue would unnecessarily waste estate resources.  As noted above, the Motion to Disqualify fails to identify any request for relief and lacks legal authority or argument to support any request.  The Debtors therefore request that the Court deny the Motion to Disqualify solely on the pleadings.

Dated:  June 6, 2022                          **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
        Wilmington, Delaware

*/s/  Tori L. Remington*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Email:  dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ptopper@morrisnichols.com
       tremington@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted p*ro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION