

FILED
2022 JUN -7 AM 9:26



May 31, 2022

Clerk of Court
U. S. Bankruptcy Court
District of Delaware
824 Market Street
Wilmington, DL 19801

        IN RE:   BOY SCOUTS OF AMERICA AND DELAWARE BSA LLC
        CHAPTER 11; CASE NO. 20-10343 (LSS)

Dear Clerk of Court:

Please file the enclosed RENEWAL OF ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ MOTION TO REMAND HIS CASE TO THE INITIAL NEW JERSEY TORT COURT and NOTICE OF FILING RENEWAL OF ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ MOTION TO REMAND HIS CASE TO THE INITIAL NEW JERSEY TORT COURT, and present to the Court for consideration.

Thank you for your time and assistance.



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

2022 JUN -7 AM 9: 26

| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## NOTICE OF FILING ███████████████
## RENEWAL OF MOTION TO REMAND
## HIS CASE TO THE INITIAL NEW JERSEY TORT COURT.

**COMES NOW** ████████████████████, *pro se*, and gives **NOTICE** of filing ████████████████ **RENEWAL OF MOTION TO REMAND HIS CASE TO THE INITIAL NEW JERSEY TORT COURT**.

**PLEASE TAKE FURTHER NOTICE** that ████████████████ is requesting the Court to conduct hearings as necessary to expeditiously resolve this matter.

I certify that I have served copy of the within and above **NOTICE OF FILING** ████████████████ **MOTION TO REMAND HIS CASE TO THE INITIAL NEW JERSEY TORT COURT** upon the parties by emailing same as follows:

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.
████████████████ is Claiman██. He was originally claimant ██ on the BSA's list.

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION:**
WHITE & CASE, LLP
Jessica C. Lauria
jessica.lauria@whitecase.com
Michael Andolina
mandolina@whitecase.com
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Derek C. Abbott
dabbott@morrisnichols.com
Paige Topper
ptopper@morrisnichols.com

**UNITED STATES TRUSTEE**
David L. Buchbinder
david.l.buchbinder@usdoj.gov
Hanna Mufson McCollum
hannah.mccollum@usdoj.gov

**COUNSEL FOR TORT CLAIMS COMMITTEE**
PACHULSKI, STANG, ZIEHL & JONES, LLP
James Stang
jstang@pszjlaw.com
James O'Neill
joneill@pszjlaw.com

This 31st day of May 2022.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

2022 JUN -7 AM 9: 31

| In re: | Chapter 11 |
|---|---|
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

# RENEWAL OF ███████████
## MOTION TO REMAND
### HIS CASE TO THE INITIAL NEW JERSEY TORT COURT

**COMES NOW** ███████████ *pro se*, and renews his prevos motion to the Court to remand his case to the Superior Court of New Jersey, Morris County Vicinage, and shows the Court:

## STATEMENT OF THE CASE

███████████ initiated a tort action versus Patriots' Path Council, BSA[3] under the laws of the State of New Jersey in the Civil Division of the Superior Court of New Jersey, Morris County Vicinage, as docket number MRS-L-000123, on September 20, 2019, following months of attempts to reach a settlement related to long term and egregious sexual abuse of ███████ perpetrated by █████

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] ███████████████████████████ He was originally claimant ██ on the BSA's list.

[3] Patriots' Path Council, BSA is incorporated as a non-profit entity under the laws of the State of New Jersey for the sole purpose of "provid[ing] youth services through the execution of the charter of the National Council Boy Scouts of America," quoting from IRS Form 990 filed by the council with the Internal Revenue Service for calendar year 2019. [See D.I. 7790, page 7, FN 2]. Patriots' Path Council, BSA is Debtor's Council # 358, and is the successor to previous Morris-Sussex Area Council, BSA.

▆ a professional scout executive who was employed full time by the local Morris-Sussex Area Council, BSA at the time of the sexual abuse.[4] ▆ tort complaint did not include the BSA as a party, because the BSA played no known part in the torts complained of by ▆

The BSA filed for Chapter 11 protection with the Court on February 19, 2020, and caused ▆ tort action to be removed to the United States Bankruptcy Court for the District of New Jersey, where it was indefinitely adjourned shortly therafter.  The BSA has insisted that the 253 local councils are separate legal entities which are not part of the Chapter 11 action.  At the time of filing for bankruptcy protection, the BSA and its local councils were facing 275 tort actions worldwide.  That amounted to approximately 1.08 lawsuits for each of the 253 local BSA Councils.  At the same time it was insisting in this Court that the local councils were independent third parties, in each of the state tort actions, the BSA also insisted that a lawsuit against one of its 253 local councils was essentially a lawsuit against the national council due to "identity of interest" reasons.  In other words, the BSA wants to treat the local councils as both part of the BSA, and as separate from the BSA - whichever is most convenient for protecting assets in whichever legal forum it finds itself.

Since the BSA filed for Chapter 11 protection, approximately 81,934 additional claims have been made concerning sexual abuse of minors by various individuals associated with the BSA, its local councils, and chartered sponsoring

---

[4] ▆ subsequently moved to join Saint Peter's Episcopal Church, and American Legion Post #59, both of Morristown, NJ, as defendants to his state tort action.  Both were chartered sponsoring organizations of BSA troops he belonged to during the time of his sexual abuse, and both had been named in his initial complaint.

2

organizations. The overwhelming majority of these claims have been submitted through a small number of mass tort lawfirms as part of this action, but without also filing civil tort complaints within the various states. Most of these newly added claims are from individuals whose alleged abuse occurred in states with statutes of limitation which would preclude recovery of damages within the various state court systems.

The BSA and Coalition produced the Plan which was presented to the parties for consideration beginning in October, 2021. That plan is currently before the Court for confirmation. ▇▇▇▇ appeared in opposition, stating among other things that the proposed plan has the responsibilty for legal liability inverted - since in the majority of instances, the abuse occurred at the level of the chartering organizations and local councils - and not in any way involving BSA itself. ▇▇▇▇ believes that legal liability should be assigned where it actually lies - with the chartering organizations and local councils.

Prior to the confirmation hearings, ▇▇▇▇ sought discovery in the form of admissions and production of documents or information from the BSA and Patriots' Path Council, BSA. Neither party answered or objected to Schwindler's discovery request. The Court conducted an evidentiary hearing on this issue on March 4, 2022, wherein the parties were ordered to respond within seven days. Cutting through all the smoke and obfuscations, the BSA admitted that the individual who molested ▇▇▇▇ was employed as a professional scout executive by the local council, and that he was fired due to his sexual misconduct with minors.

3

## **ARGUMENT**

The BSA lacked legal standing to cause ▇▇▇ tort action against Patriots' Path Council, BSA to be removed to federal court, because it was not a party to the action. The BSA's sole reason for taking over all the lawsuits from local councils such as Patriots' Pathe Council, BSA was to protect assets held by that local council, and this is also the reason for the Plan granting releases to all of the non-debtor third parties. Protecting assets belonging to a separate corporate entity is nowhere contemplated in bankruptcy law, and does not grant a corporation legal standing to remove a case in which it is not a party to the federal courts.

In ▇▇▇ case, the relationship between the sexual abuse and the local council was direct and there can be no argument as to the local council's liability. ▇▇▇ was a professional scouter who was employed as a district executive by the Morris-Sussex Area Council, BSA. He was not only the second senior-most employee of the council, he served as the council's camp director. As if this relationship was not sufficient to impute liability to the local council, that council knew that ▇▇▇ had been transferred from a previous local council because he had been known to be involved in the sexual abuse of another young male member of scouting. There is no jury in the world which would not find the local council liable. This is especially true given the fact that professional employees of that local council subsequently harrassed and retaliated against ▇▇▇ as part of a cover-up of the local council's culpability, and that the local council ultimately fired ▇▇▇ due to his

4

sexual misconduct with minors, but never notified either local law enforcement or ▇▇▇ parents.

The Plan provides for all the local councils to be released from all liability in exchange for their combined "voluntary" $500,000,000 cash contribution to the settlement [and *maybe* an additional $100,000,000 in the future]. The net result of this proposal would be to deprive ▇▇▇ of his property interest found in his tort claims against Patriots' Path Council, BSA, and it essentially provides protection to a corporation which is not a party to this bankruptcy proceeding, while simultaneously transferring ▇▇▇ claims to a corporation which was uninvolved in ▇▇▇ abuse [unless the BSA knows something it hasn't admitted to knowing].

The Plan envisions Patriots' Path Council, BSA retaining $4,125,974 in assets. The BSA and Patriots' Path Council, BSA have admitted that the council maintained its own insurance policies throughout entire time of the existence of all three of the local councils which were merged into the Patriots' Path Council, BSA, and that these policies were in addition to those for the BSA in general. Assuming that the local council was forced to liquidate while facing ▇▇▇ state court claims, ▇▇▇ would recover far more from the tort action than is even remotely possible within the context of this bankruptcy.

Nothing in bankruptcy law permits Corporation A [the BSA] to stand in for Corporation B [the local council] for liability purposes, unless that second corporation is a wholly owned subsidiary. The BSA insists the corporations are separate. Therefore, ▇▇▇ case should be remanded to the initial trial

5

court for the local council to take responsibility to its own liabilities.

I certify that I have served copy of the within and above RENEWAL OF  MOTION TO REMAND HIS CASE TO THE INITIAL NEW JERSEY TORT COURT upon the parties by emailing same as follows:

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION:**
WHITE & CASE, LLP
Jessica C. Lauria
jessica.lauria@whitecase.com
Michael Andolina
mandolina@whitecase.com
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Derek C. Abbott
dabbott@morrisnichols.com
Paige Topper
ptopper@morrisnichols.com

**UNITED STATES TRUSTEE**
David L. Buchbinder
david.l.buchbinder@usdoj.gov
Hanna Mufson McCollum
hannah.mccollum@usdoj.gov

**COUNSEL FOR TORT CLAIMS COMMITTEE**
PACHULSKI, STANG, ZIEHL & JONES, LLP
James Stang
jstang@pszjlaw.com
James O'Neill
joneill@pszjlaw.com

This 31st day of May 2022.

