# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered<br><br>Ref. Docket No. 6094 |

## FEE EXAMINER'S FINAL REPORT REGARDING
## FIFTH QUARTERLY FEE APPLICATION OF ALIXPARTNERS, LLP

Rucki Fee Review, LLC ("Rucki Fee Review"), the fee examiner appointed in the above-captioned chapter 11 cases and acting in its capacity as such (the "Fee Examiner"), hereby submits its final report (this "Final Report") regarding the *Fifth Interim Fee Application of AlixPartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2021 through April 30, 2021* [Docket No. 6094] (the "Fifth Quarterly Fee Application") filed by AlixPartners, LLP (the "Firm").

### BACKGROUND

1. In performance of its fee and expense review procedures and in preparation of its initial report provided to the Firm (the "Initial Report") and this Final Report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained in the Fifth Quarterly Fee Application consistent with its appointment order, Rucki Fee Review reviewed the monthly fee applications filed for the periods set forth in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

the Fifth Quarterly Fee Application, including each of the billing and expense entries listed in the exhibits to such monthly fee applications, for compliance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, as well as the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330—Appendix A* and the Firm's retention order.

2. Rucki Fee Review did not prepare informal memos related to the fee applications of the Firm, but instead included its issues and questions in its Initial Report provided to the Firm. Rucki Fee Review thereafter conferred with the Firm regarding the Initial Report, and following such conferral includes its recommendations in this Final Report.

## DISCUSSION

3. For the compensation period of February 1, 2021 through April 30, 2021, as set forth in the Fifth Quarterly Fee Application, the Firm seeks interim bankruptcy court approval in the amount of $489,472.50 as actual, reasonable and necessary fees and for expense reimbursement of $0.00.

4. Although it examines the matter on a case-by-case basis based on the facts and circumstances of each case and each applicant's role within a case (such as a firm responsible for coordinating filing and scheduling of and hearing on multiple professionals' fee applications) regardless of whether any given threshold is exceeded, Rucki Fee Review generally does not consider time spent on fee issues to be presumptively unreasonable where less than 7% of total time has been charged for preparing fee applications and addressing fee issues. It applies these guidelines on a cumulative basis. Through the conclusion of the fifth quarterly fee period the Firm has charged approximately

$106,180.00 (net of $7,523.00 in previously agreed fee reductions) for fees billed related to the Firm's fee applications on a cumulative basis. This amounts to approximately 2.8% of total fees and includes $30,600.00 not previously considered by the Bankruptcy Court on an interim basis. Subject to the agreed reductions set forth herein for the fees Rucki Fee Review considers administrative in nature (all of which are for fee-related work), Rucki Fee Review considers theses fees to be reasonable, necessary and appropriate, but also understands fees incurred in connection with fee applications will be reduced in future periods as the Firm's overall work is reduced in these chapter 11 cases.

5. Rucki Fee Review considers the staffing breakdown during the fifth quarterly fee period (percentage of hours billed by managing directors, directors, senior vice presidents, vice presidents, and associates, respectively) to be appropriate, as reflected in the Firm's blended hourly rate of $787.19, which is equivalent to a director (the Firm's second-highest personnel tier) at the Firm's current hourly rates and is similar to the blended rate of $748.03 for the first quarterly fee period, $748.91 for the second quarterly fee period, $744.51 for the third quarterly fee period and $754.05 for the fourth quarterly fee period.

6. Further to the Firm's staffing, Rucki Fee Review notes that the Firm utilized 11 professionals to perform its work during the fourth quarterly fee period (decreased from 14 during each of the first two quarterly fee periods, 12 during the third quarterly fee period, and 17 during the fourth quarterly fee period), four of whom billed fewer than 15 hours during the fifth quarterly fee period. Rucki Fee Review gives additional scrutiny to time entries of those billing fewer than 15 hours in a quarter to address if the utilization of such particular persons was necessary for the case, but after review considers the utilization of these persons (three of whom have a limited role relating to fee and retention matters) to

be appropriate, though part of these persons' work is subject to the agreed reductions set forth herein. With respect to the Firm's broader staffing, Rucki Fee Review notes that the 11 persons utilized by the Firm consist of five operational personnel, one forensic investigation person, one person who worked exclusively on claims analysis (and billed only five hours during the fifth quarterly period, after performing more substantive work in the fourth quarterly fee period), and four personnel working on fee issues (all but one of whom billed 1.9 or fewer hours during the fifth quarterly fee period). For the fifth quarterly fee period, subject to the agreed reductions set forth herein it appears that the work required of the Firm was generally well-coordinated within the Firm and with its fellow professionals.

7. Administrative tasks that are generally not compensable by a non-chapter 11 client or are secretarial in nature are not compensable in chapter 11. Rucki Fee Review identified certain work it considers administrative in nature, and the Firm agreed to a fee reduction of $1,766.00 on account of these fees in compromise of Rucki Fee Review's request.

8. Fee Review identified certain conferences and/or telephone calls where the counterparty to the conversation did not bill an itemized charge for the discussion. Rucki Fee Review acknowledges this can result from a professional intentionally or inadvertently not billing for a conference that actually occurred and does not recommend a reduction on account of these entries.

9. In addition to those other matters referenced herein, Rucki Fee Review requested the Firm waive or reduce certain entries for miscellaneous reasons. After discussion with the Firm,

the Firm has agreed to a reduction of $7,452.50 on account of these entries in compromise of Rucki Fee Review's request.

10. The Firm did not request the reimbursement of any expenses during the fifth quarterly fee period. Accordingly, no discussion of expense reimbursement is necessary.

11. After accounting for the agreed fee reductions of $9,218.50 discussed herein, Rucki Fee Review considers the balance of fees and expenses sought in the Fifth Quarterly Fee Application to be reasonable, necessary and appropriate under the circumstances.

## CONCLUSION

12. Rucki Fee Review recommends the approval of the Fifth Quarterly Fee Application in the amount of $480,254.00 with respect to fees and the reimbursement of expenses in the amount of $0.00, which amounts reflect the reductions agreed to with the Firm set forth herein on account of the Fifth Quarterly Fee Application.

Dated: June 24, 2022　　　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　**RUCKI FEE REVIEW, LLC**
　　　　　　　　　　　　　　　　　　　　**FEE EXAMINER**

　　　　　　　　　　　　　　　　　　　　By: */s/ Justin H. Rucki*
　　　　　　　　　　　　　　　　　　　　　　Justin H. Rucki
　　　　　　　　　　　　　　　　　　　　　　President of Rucki Fee Review, LLC